IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY GLENN CHAMBERS, | ) | |
| Former Prison ID # 1055595,[1] | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:03-CV-0429-K |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  Nature of the Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B.  Parties:**  Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  Respondent is Douglas Dretke, Director of TDCJ-CID.

**C.  Procedural History:**  In 1989, petitioner was convicted in Dallas County of delivery of a controlled substance.  (Pet. Writ Habeas Corpus (Pet.) at 2.)  He received a sentence, which was enhanced by a 1984 failure-to-appear conviction, of twenty years.  (*Id.* at 2, 7.)  In August 2000,

---

[1] Petitioner has submitted a change of address which appears to reflect a non-prison address.  The Court maintains the prison identification number for record keeping purposes.

petitioner obtained federal habeas relief from his 1984 conviction.[2]  (*See* Mem. Supp. at 2.)  On June 5, 2001, the 1984 case was dismissed by the State.  (*See* Mot. Dismiss Prosecution attached as Ex. A to Objection to Findings & Recommendation of Resp.)

On June 26, 2001, petitioner filed a state habeas application to challenge his 1989 conviction based upon its enhancement by the dismissed 1984 conviction.  S.H. Tr.[3] at 3-8.  On September 1, 2001, the trial court found that "[t]he fact that the enhancement conviction was later dismissed does not entitle Applicant to relief in this case as no objection was made at trial."  *Id.* at 25.  It also found that the twenty-year sentence was authorized by law with or without the enhancement paragraph. *Id.* at 25-26.  It thus recommended that the state application be denied.  *Id.* at 26.  On November 7, 2001, the Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court.  *See Ex parte Chambers*, No. 17,224-02, slip op. at 1 (Tex. Crim. App. Nov. 7, 2001).

On February 26, 2003, petitioner commenced the instant action by filing[4] the instant federal petition for writ of habeas corpus to challenge his 1989 conviction that was enhanced by his 1984

---

[2]  Federal habeas relief was based upon a "troubling concession" by respondent that petitioner had shown a *prima facie* violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  *See Chambers v. Johnson*, 197 F.3d 732, 734-35 (5th Cir. 1999) (remanding case to the district court for consideration of the respondent's laches defense).  On remand, this Court found respondent's laches defense inapplicable and ordered that petitioner be retried.  *See Chambers v. Johnson*, No. 3:96-CV-1892-T (N.D. Tex.).

[3]  "S.H. Tr." denotes the state habeas records attached to *Ex parte Chambers*, No. 17,224-02 (Tex. Crim. App. Nov. 7, 2001).

[4]  Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Petitioner declares that he placed the instant federal writ in the prison mail system on February 26, 2003.  In accordance with *Coleman*, the Court uses that date as the date of filing.

conviction.  (Pet. at 2, 9.)  He claims that the 1989 sentence is illegal because the enhancement

conviction was later dismissed.  (*Id.* at 7.)

On July 25, 2003, respondent filed an answer in which he moves to dismiss the instant peti-

tion as untimely.  (Answer at 2-4.)  Alternatively, he urges the Court to deny the petition on its

merits.  (*Id.* at 4-5.)  He argues that petitioner voluntarily pled true to the enhancement allegations

and thus waived any complaint regarding the validity of the enhancement convictions.  (*Id.*)  He

further argues that, when a sentence is well within the applicable punishment range with or without

enhancement, such sentence is not illegal.  (*Id.* at 5.)

On August 22, 2003, the Court received a document titled "Objection to Findings and

Recommendation of Respondent" that the Court construes as a reply brief to respondent's answer.

On September 15, 2003, the Court received a "Supplemental Objection" that the Court construes

as a supplement to petitioner's reply brief.  In his reply brief and supplement thereto, petitioner

challenges respondent's contention that the instant action is untimely.  Because petitioner's claim

lacks merit, the Court need not address the alternative argument that the instant action is untimely.[5]

---

[5]  The Court notes that the Supreme Court recently addressed a factually similar limitations issue in the context of 28
U.S.C. § 2255.  *See Johnson v. United States*, ___ U.S. ___, ___, 125 S. Ct. 1571, 1578-82 (2005).  The Supreme Court
held that the date an enhancement conviction is finally vacated may impact the limitations period of § 2255 because the
"fact of vacatur" is the last fact necessary to raise a claim that a current sentence has been wrongly enhanced by the
subsequently vacated prior conviction.  *Id.* at ___, 125 S. Ct. at 1580-81.  The Supreme Court required, however, that
the movant act with due diligence to obtain the order that vacated the enhancement conviction.  *Id.* at 1581-82.  If the
movant diligently sought to vacate the enhancement conviction, then the one-year period of limitations would run "from
the date he received notice of that vacatur."  *Id.* at 1582.  Because the movant delayed his challenge to the enhancement
conviction by at least twenty-one months without adequate explanation, the Supreme Court found a lack of diligence
and deemed the factual predicate commencement date for the statute of limitations unavailable.  *Id.*

In this case, petitioner obtained relief from the 1984 conviction in 2000, sixteen years later.  Although it is unclear
when petitioner first challenged the 1984 enhancement conviction, the Court need not engage in the fact-intensive
review of petitioner's diligence because his claim fails on its merits.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).  In this case, the denial of petitioner's state writ constitutes an adjudication on the merits.  *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits).  The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the instant federal action.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established

4

federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address the merits of petitioner's claim.

### III.  ILLEGAL SENTENCE

In his sole claim for habeas relief, petitioner asserts that the twenty-year sentence he received due to his 1989 drug conviction is illegal because it was enhanced based upon a 1984 conviction which has subsequently been dismissed.  (Pet. at 7.)

Petitioner raised this claim in a state application for writ of habeas corpus that was denied on the findings of the trial court on November 7, 2001.  *See Ex parte Chambers*, No. 17,224-02, slip op. at 1 (Tex. Crim. App. Nov. 7, 2001).  The trial court specifically found that petitioner pled true to allegations that he had a prior conviction in 1984 which could be used to enhance the sentence imposed on his 1989 conviction.  S.H. Tr. at  25.  It further found that the later dismissal of such enhancement conviction does not entitle petitioner to relief when there is a lack of contemporaneous objection at trial.  *Id.*  It also found that the twenty-year sentence was authorized by law, with or without enhancement by the 1984 conviction.  *Id.* at 25-26.

As found by the trial court, petitioner pled true to enhancement allegations regarding the 1984 conviction.  By pleading true, a defendant concedes that he in fact has a prior conviction that can be used to enhance his sentence on the current conviction.  *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).  He also waives any complaints about the validity of the prior conviction. *Id.*; *Johnson v. Puckett*, 930 F.2d 445, 449-50 (5th Cir. 1991); *Zales v. Henderson*, 433 F.2d 20, 24 (5th Cir. 1970).  Petitioner does not challenge the voluntariness of his plea of true to the enhancement paragraph related to his 1984 conviction.[6]  That the conviction related to that paragraph was later

---

[6]  The Fifth Circuit considers the "totality of the circumstances" to determine whether a criminal defendant has voluntarily and intelligently pled true to enhancement paragraphs.  *See Holloway*, 838 F.2d at 793.  Nothing of record indicates that petitioner involuntarily pled true.

dismissed does not affect the voluntariness of the original plea. Petitioner's claim that he received an illegal sentence for his 1989 drug conviction presents no basis for habeas relief. In addition, a defendant is not subject to an illegal sentence due to a void enhancement paragraph when he was sentenced within the available, non-enhanced range of punishment.

Furthermore, the decision to deny habeas relief at the state level does not appear inconsistent with any applicable Supreme Court precedent. The decision appears to involve no unreasonable application of any Supreme Court precedent. The adjudication of the claim did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claim raised in the instant petition.

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 6th day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE